# UNITED STATES DISTRICT COURT
## for the
## Southern District of Illinois

TODD JEUDE,

        Plaintiff,

vs.

PULASKI COUNTY, ILLINOIS, et al.,

        Defendants.[1]

Case No. 3:24-cv-01227-GCS

### Plaintiff Request To Lift the Stay on Discovery on the Merits Pending Exhaustion Proceedings

**COMES NOW**, Plaintiff Pro Se, in the above titled cause of action, pursuant to this Courts Memorandum and Orders on Sept. 26, 2024 and Doc. 32 & Doc. 39 setting dates for possible proceedings or Rule 56 based on Exhaustion, the plaintiff provides and supports that a dismissal based on Exhaustion is futile. The plaintiff provides:

Respectfully Submitted,

Todd Jeude-Plaintiff Pro Se
35912-044
YAZOO CITY FCI-MEDIUM
FEDERAL CORRECTIONAL INSTITUTION
PO Box 5000
Yazoo City, MS 39194

# UNITED STATES DISTRICT COURT
## for the
## Southern District of Illinois

| | | |
|---|---|---|
| TODD JEUDE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:24-cv-01227-GCS |
| | ) | |
| PULASKI COUNTY, ILLINOIS, et al., | ) | |
| | ) | |
| Defendants.[1] | ) | |

## Plaintiff Memorandum in Support of Lifting the Stay on Discovery

### A. Support

1. The plaintiff provides several bonafide reasons the stay should be lifted and or exhaustion futile for this Honorable Court to consider.

2. On 5-6-24, the Plaintiff filed this action, see: Doc. 1, and included within this complaint, on pages 77, 81 and 85, copies made at Pulaski County Jail, of 3 distinct grievances filed. PCDC does not have an appeal process for their paper grievances, but none the less, as can be gleened from page 44 ¶ 1 of doc. #1, the plaintiff did appeal through the offender kiosk.

3. Furthermore, on page 92, Plaintiff provides an affidavit concerning exhibits A through O attesting to their authenticity and veracity. (All grievances & Appeals)

-1-

4. Pleading a failure to exhaust would be a blatant waste of this courts time and resources. Not only did this plaintiff plead exhaustion, which he did not have to, but the plaintiff also provided support of his exhaustion with full copies of Grievances and exhibits and an affidavit. see page 92 doc. #1.

5. Discovery should resume. The plaintiff still has NOT received initial disclosure pursuant to: Doc. 32 § 1 B 1-7 from the Defendants. It is true that defense counsel did attempt to "Mail" the disclosures, but the information was on USB NOT paper format, so the "arcaic" BOP sent it back without notifying me per policy. This has been over a month ago and the plaintiff has informed the defense several times. (This may be due to settlement talks as well.)

6. The defendants are not going to waste their time or this courts time arguing a theory that has no merit, truth or grounds. Even an attempt at a complex Rule 56 would not suffice, this plaintiff is well familier with Rule 56 and local rules concerning uncontroverted facts page, affidavits, etc., and wont fail to properly respond.

7. The plaintiff believes that pleading a failure to exhaust in <u>Rule 56</u> or other is as futile as a <u>12(b)(6)</u> qualified immunity affirmative defense, in the defendants case here anyway.

8. This court should lift the stay on Discovery. This complaint is so cut and dry the action should be decided in a matter of weeks even if the defendants refuse to settle.

9. The Defendants aren't pursuing a failure to exhaust theory. I also questioned their intent on this subject in a prior correspondence and plantiff apologizes to the Court, but the plantiff does not have a record. I doubt very seriously the defendants oppose this motion.

## B. Prayer

10. WHEREFORE Plantiff prays this Honorable Court grant this motion in its entirety and any other appropriate relief.

-3-

Respectfully Submitted
1-2-25

Todd Jende 35912-044
USP PO Box 5000
Yazoo City MS 39194
tjende1973@gmail.com
Pro Se Plaintiff

